[Civ. No. 5001. Second Appellate District, Division Two.—December 17, 1928.]

A. J. SILVERBERG, Respondent, v. HARRY BAUM, Appellant.

A. W. Sorenson for Appellant.

Leland J. Allen for Respondent.

THOMPSON (IRA F.), J.—Plaintiff brought an action in the court below to recover the sum of $1,000 in which sum he alleged the defendant had become indebted to him "for

services rendered by plaintiff as a realty salesman." The defendant denied that he had become indebted to plaintiff for such or any services in any amount. There was no allegation that the plaintiff had ever procured a license as a real estate salesman. Judgment founded upon findings which are also silent upon the point was rendered for plaintiff in the sum of $750 and the defendant appeals therefrom upon the judgment-roll maintaining that the complaint fails to state a cause of action.

 Section 20 of what is commonly known as the Real Estate Brokers' Act (Deering's General Laws, 1923, p. 25) reads as follows: "No person, copartnership or corporation engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this state shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in section two hereof without alleging and proving that such person, copartnership or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose." It will be immediately observed that this act, unlike many others adopted for somewhat similar purposes, requires the issuance and possession of the license to be alleged and proved. Hence it may not be argued that it is a matter of defense. Appellant's contention must be upheld upon the authority of a number of precedents. (*Wise* v. *Radis*, 74 Cal. App. 765 [242 Pac. 90]; *Gittelson* v. *Gandolfo*, 89 Cal. App. 746 [259 Pac. 340]; *Wilson* v. *Earp*, 91 Cal. App. 538 [267 Pac. 112]; *Haas* v. *Greenwald*, 196 Cal. 236 [237 Pac. 38].) Nor does it avail respondent to argue, in the language of *Houston* v. *Williams*, 53 Cal. App. 267 [200 Pac. 55], that "any doubt as to the sufficiency of the complaint in the respect indicated should, of course, be resolved against the appellant," for the reason that in the instant case there is no doubt to resolve. Equally untenable is his suggestion that the services may have been performed in another state, for in the absence of an allegation to bring the plaintiff outside of the limitations, he cannot escape the language of the act. Even if the complaint alleged that the services were rendered in another state we would be obliged to assume in the absence of allegations to the contrary that

the laws of the sister state were the same as ours. (*Vegetable Oil Corp.* v. *Twohy*, 86 Cal. App. 409 [260 Pac. 813].)
Judgment reversed.

Works, P. J., and Craig, J., concurred.