357 P.2d 149

**M. S. HALL, Appellant,**

**v.**

**Harold BOWMAN, Appellee.**

No. 6745.

Supreme Court of Arizona.

Nov. 23, 1960.

**410**

Henry W. Beumler, Douglas, for appellant.

I. B. Tomlinson, Bisbee, for appellee.

UDALL, Justice.

This is an action to enforce a subscription contract to purchase crypts in a mausoleum constructed in the Douglas cemetery, Douglas, Arizona.

Appellee-plaintiff was a contractor in Cochise county, state of Arizona, engaged in the business of constructing a mausoleum which was subdivided into crypts, or spaces, which were sold by him on a subscription basis. On the 30th day of December, 1954, the appellant subscribed for two crypts, numbers 9 and 10, a copy of which subscription reads as follows:

"COMMUNITY MAUSOLEUM

Protector of the Human Body

$700 xx/100        December 30, A.D. 1954

I hereby subscribe for 2 Crypts Nos. 9–10 in the Mausoleum to be erected in or adjacent to the Douglas Calvary Cemetery Cemetery and agree to pay to Harold Bowman or order for the same the sum of $350 xx/100 for each Crypt as follows:

One-third when foundation is in, one-third when stone is on the ground, one-third when Mausoleum is completed according to plans, specifications or photographs number (s)

Similar to Photo No. 9

This subscription is given with the understanding that sufficient subscriptions shall be secured to warrant the building of the Mausoleum. Otherwise it is void. It is also given with the agreement that if the required number of subscriptions are secured the building to be started as soon as material can be gotten on the ground, or as soon thereafter as the weather will permit and shall be completed within two years from date canvas is closed.

(S) x  M. S. Hall"

The required number of subscriptions were secured and the mausoleum was completed. However, after the subscriptions were obtained but before the work was begun on the construction of the mausoleum, the appellant gave the appellee notice of a revocation of the subscription. Thereafter appellee filed this action.

The trial court refused to grant appellant's motion to dismiss for appellee's failure to allege and prove that he was licensed to engage in the business of selling cemetery property. After trial on the merits the court entered judgment for appellee.

Appellant makes two assignments of error (1) the court erred in denying appellant's motion to dismiss the complaint; (2) the court erred in granting judgment for the plaintiff-appellee as such judgment was contrary to the law and evidence.

In reference to the first assignment of error, A.R.S. §§ 32–2121 and 32–2122 require that any person or corporation engaged in the business of selling cemetery property must have a license from the state of Arizona. The complaint shows on its face that appellee is engaged in the business of selling cemetery property and therefore clearly comes within the requirements of A.R.S. §§ 32–2121 and 32–2122. It further appears on the face of the complaint that this is an action for the collection of compensation earned from the sale of cemetery property and that therefore this action comes within the provisions of A.R.S. § 32–2152 which provides as follows:

"An action for the collection of compensation earned may be maintained in the courts of the state by any broker or salesman. To commence the action the complaint shall allege that the plaintiff was a qualified licensed broker or salesman at the time the claim arose. Prior to hearing the action the court shall require the plaintiff to prove the alleged qualifications."

An examination of the pleadings shows that the appellee did not comply with the provisions of A.R.S. § 32–2152 nor did the court in the trial of the action require the appellee to prove his alleged qualifications. Appellee did not and has not offered to amend his complaint. This court has held, in the case of Foster v. House Beautiful

Homes, 78 Ariz. 406, 281 P.2d 116, that a complaint which fails to make the allegations required by this statute is insufficient. See also Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111. In view of the statutory law and the former decisions of this court, the lower court should have granted the appellant's (defendant-appellant's) motion to dismiss.

■ The strict application of § 32–2152 is necessary to carry out the intent of the statute. This section was clearly designed to supplement the ordinary enforcement provisions of the licensing statute. Section 32–2152 stands as a clear warning that the courts will not be a party to the collection of fees made in violation of §§ 32–2121 and 32–2122.

■ Appellee's answer to this appeal is limited to the proposition that the appeal should be dismissed because no transcript of evidence was filed. Under Rule 75, Rules of Civil Procedure, 16 A.R.S., and the decisions of this court a filing of a transcript of record is permissive and not mandatory. .We said in Sweeney v. Winslow Gas Co., 64 Ariz. 51, 59, 165 P.2d 316, 321:

"The appellant in his designation of the portions of the record that he *desired* to be transmitted to the supreme court included the reporter's transcript of the evidence. The failure of the appellant to file a designation of the record or a transcript of the reporters' notes of the evidence within the time prescribed does not affect the validity of the appeal." (Emphasis supplied.)

■ While it is true that the court may not consider questions pertaining to evidence or findings of fact, in the absence of a transcript the court must consider questions of law which are raised by the record transmitted to the court. In this case the only matter to be decided appears on the face of the pleadings and is before us in the abstract of record.

The holding of the court in reference to Assignment of Error No. 1, makes it unnecessary to dispose of the issues raised by Assignment of Error No. 2. Wherefore, the judgment of the lower court is reversed and the court is directed to dismiss the action.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN, and LESHER, JJ., concur.