IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| ALICE ROMERO, surviving parent of MARK ANTHONY ROMERO (deceased), on behalf of herself and MARK ANTHONY ROMERO, JR. (a minor) and ISAAC ROMERO (a minor), surviving children, | ) ) ) ) ) ) ) | 2 CA-CV 2004-0053 DEPARTMENT B  O P I N I O N |
| Plaintiff/Appellant, | ) ) | |
| v. | ) ) | |
| SOUTHWEST AMBULANCE and RURAL/METRO CORPORATION, INC., an Arizona corporation; CITY OF TUCSON, a municipal corporation; TUCSON FIRE DEPARTMENT, a political subdivision of the City of Tucson; and TUCSON POLICE DEPARTMENT, a political subdivision of the City of Tucson, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants/Appellees. | ) ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C-335185

Honorable John F. Kelly, Judge

AFFIRMED

Vingelli & Errico
  By Michael J. Vingelli and Melissa Errico                                    Tucson

and

Stanton Bloom                                                                  Tucson
                                              Attorneys for Plaintiff/Appellant

Chandler & Udall, LLP
  By Michael J. Crawford                                                       Tucson

and

Andrew F. Marshall, P.C.
  By Andrew F. Marshall                                                        Tucson
                                         Attorneys for Defendants/Appellees
                                            Southwest Ambulance & Rural/Metro
                                                            Corporation, Inc.

Michael G. Rankin, Tucson City Attorney
  By Michael E. Owen                                                          Tucson
                                          Attorneys for Defendant/Appellee
                                                            City of Tucson

---

E S P I N O S A, Judge.

¶1        After a twelve-day trial, a jury found defendants Southwest Ambulance and Rural/Metro Corporation, the City of Tucson, the Tucson Fire Department, the Tucson Police Department, and various individual employees of each (collectively, defendants) not liable in this wrongful death action. Appellant Alice Romero contends the trial court erred by admitting certain evidence about the decedent, her son; denying a motion to bifurcate the trial into liability and damage phases; and instructing the jury pursuant to A.R.S. § 12-711. We affirm primarily on procedural grounds, Romero having failed to provide a sufficient record

2

on appeal.  The record does support, albeit marginally, reaching the merits of Romero's

constitutional challenge to the statute, which we reject.

## Procedural and Factual Background

¶2       We view the evidence and all reasonable inferences in the light most favorable

to upholding the jury's verdict.[1]  *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 92 P.3d 882

(App. 2004).   On September 14, 1998, Romero's son, Mark, died in the emergency

department of Kino Community Hospital.  Romero thereafter filed this complaint, alleging

that emergency personnel who had treated Mark had negligently caused his death.

¶3       The first trial of this case in March 2002 ended in a mistrial after six days, and

the second trial was held in September 2003.  Before each trial, Romero sought to preclude

evidence of Mark's past illegal drug use, substance abuse treatment, criminal record,

incarcerations, and diagnosis of hepatitis and to bifurcate the trial into liability and damage

phases pursuant to Rule 42(b), Ariz. R. Civ. P., 16 A.R.S., Pt. 1.  Before the first trial, the

court denied Romero's motions with the exception of testimony about Mark's diagnosis of

hepatitis C, which the court precluded.  Before the second trial, Romero refiled the motions

---

[1]Romero has failed to provide this court any transcripts of the trial as required by Rule 11(b), Ariz. R. Civ. App. P., 17B A.R.S.  Romero has also failed to adequately cite the trial record in her briefs as required by Rule 13(a)(6), Ariz. R. Civ. App. P.  *See Ramirez v. Health Partners of S. Ariz.*, 193 Ariz. 325, 972 P.2d 658 (1998).  Stating that she is "totally indigent and could not afford to pay" for transcripts, Romero insists they are unnecessary for our review, relying on *Hall v. Bowman*, 88 Ariz. 409, 357 P.2d 149 (1960).  But *Hall* was decided prior to the adoption of the Arizona Rules of Civil Appellate Procedure and also addressed the review of purely legal issues, unlike this case.  We include only the basic facts we have extracted from the record while determining the issues not waived on appeal.

3

and reargued the motion to bifurcate. The trial court denied all of Romero's motions, including the motion to preclude testimony about Mark's hepatitis C.

## Other Act Evidence

¶4        Romero contends the trial court erred in admitting irrelevant and unfairly prejudicial character evidence about Mark. Defendants respond that, in the absence of any transcripts, the trial court's discretionary rulings must be upheld. Although, in a civil case, a motion in limine may serve as a substitute for an evidentiary objection at trial, *Premium Cigars International, Ltd. v. Farmer-Butler-Leavitt Insurance Agency*, 208 Ariz. 557, 96 P.3d 555 (App. 2004); *see also State v. Lichon*, 163 Ariz. 186, 786 P.2d 1037 (App. 1989) (objection not required when motion in limine has been made), in the absence of the pertinent trial transcripts, we agree with defendants that we are unable to determine what evidence was presented at trial, whether Romero objected to the evidence at trial, how it was used, and how it might have prejudiced her. *See* Ariz. R. Evid. 103, 17A A.R.S. Consequently, Romero's unsupported arguments that the trial court abused its discretion by allowing evidence that was irrelevant to any "consequential fact" and unfairly prejudicial under Rule 403, Ariz. R. Evid., are insufficient for us to meaningfully review the trial court's rulings or to overcome the presumption that those rulings are supported by the record. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal. When a party fails to include necessary items, we assume they would support the [trial] court's findings and conclusions."); *see also State ex rel. Dep't of Econ.*

*Sec. v. Burton*, 205 Ariz. 27, 66 P.3d 70 (App. 2003); *Bolm v. Custodian of Records*, 193 Ariz. 35, 969 P.2d 200 (App. 1998).

## Bifurcation of Trial

¶5      Romero next argues that the trial court erred in refusing to bifurcate the trial into liability and damage phases in view of its allegedly erroneous admission of the character evidence. We review a trial court's decision on bifurcation for an abuse of discretion. *Williams v. Thude*, 180 Ariz. 531, 885 P.2d 1096 (App. 1994), *aff'd*, 188 Ariz. 257, 934 P.2d 1349 (1997). As discussed above, we cannot say the character evidence was erroneously admitted, and in the absence of trial transcripts, we cannot determine what evidence was presented to the jury, how that evidence was used, or what effect it might have had. *See In re 6757 S. Burcham Ave.*, 204 Ariz. 401, ¶ 12, 64 P.3d 843, 847 (App. 2003) (absent a transcript, appellant could not "support [the] argument that the trial court abused its discretion in allowing [the opposing party] to introduce the evidence"). Accordingly, we are unable to say the trial court abused its discretion in refusing to bifurcate the trial on that basis. *See Williams*.

## A.R.S. § 12-711

¶6      At the end of the trial, over Romero's objection, the court apparently instructed the jury pursuant to § 12-711. That statute provides:

> In any civil action, the finder of fact may find the defendant not liable if the defendant proves that the claimant was under the influence of an intoxicating liquor or a drug and as a result of that influence the claimant was at least fifty per cent responsible for the accident or event that caused the claimant's harm.

5

Romero argues § 12-711 is unconstitutional, citing five bases. But the record contains no written challenge to the statute and only one oral objection—that the jury instruction based on the statute abrogated Romero's right of action in violation of article XVIII, § 6 of the Arizona Constitution.[2] "The only objection which may be raised on appeal . . . is that made at trial." *Selby v. Savard*, 134 Ariz. 222, 228, 655 P.2d 342, 348 (1982). "[W]e generally do not consider issues, even constitutional issues, raised for the first time on appeal." *Englert v. Carondelet Health Network*, 199 Ariz. 21, ¶ 13, 13 P.3d 763, 768 (App. 2000); *see also* Ariz. R. Civ. P. 51(a), 17B A.R.S. (party must object to instruction before deliberations begin to argue error in the instruction on appeal).

¶7        Romero argues that § 12-711 violates article XVIII, § 5 of the Arizona Constitution by removing the issues of contributory negligence and assumption of the risk from the jury; article II, § 13, the Equal Protection Clause, by depriving a particular class of citizens of a right of action; and article II, § 4, the Due Process Clause, by depriving her of a protected right. The record does not show Romero presented any of these issues to the trial court save possibly one; therefore, they are waived on appeal.[3] *See Selby; Englert.* Romero

---

[2]We granted Romero's motion to supplement the record, which added two pages of the trial transcript in which this jury instruction was briefly discussed. It is from these pages that we infer Romero presented this argument to the trial court.

[3]Romero argues in her reply brief that these issues raise questions of fundamental error. However, we are not required to address issues raised for the first time in a reply brief. *Nelson v. Rice*, 198 Ariz. 563, 12 P.3d 238 (App. 2000); *Wasserman v. Low*, 143 Ariz. 4, 691 P.2d 716 (App. 1984); Ariz. R. Civ. App. P. 13(c), 17B A.R.S. Moreover, the doctrine of fundamental error "should be used sparingly, if at all, in civil cases." *Williams v. Thude*, 188 Ariz. 257, 260, 934 P.2d 1349, 1352 (1997); *Englert v. Carondelet Health Network*, 199 Ariz. 21, 13 P.3d 763 (App. 2000).

also argues that § 12-711 is unconstitutional because it conflicts with Arizona's Uniform Contribution Among Tortfeasors Act, A.R.S. §§ 12-2501 through 12-2509. This argument, on its face, appears to lack merit given the permissive language of § 12-711. In any event, it too was not presented to the trial court and has thus been waived. *See Selby; Englert.*

**¶8** In the one argument we can infer she raised below, Romero contends generally that the trial court's jury instruction based on § 12-711 abrogated her right of action in violation of article XVIII, § 6 of the Arizona Constitution.[4] She relies on *Gunnell v. Arizona Public Service Co.*, 202 Ariz 388, 46 P.3d 399 (2002). Below, she relied on *Halenar v. Superior Court*, 109 Ariz. 27, 504 P.2d 928 (1972). "Statutes are presumed to be constitutional, and the party asserting that a statute is unconstitutional has the burden of clearly demonstrating that it is." *Ramirez v. Health Partners of S. Ariz.*, 193 Ariz. 325, ¶ 20, 972 P.2d 658, 663 (App. 1998). However, "we decide cases on nonconstitutional grounds if possible," *id*. ¶ 10, and we review a question of law *de novo*. *Phelps Dodge Corp. v. Ariz. Elec. Power Coop., Inc.*, 207 Ariz. 95, 83 P.3d 573 (App. 2004). We will not reverse a jury's verdict because of a jury instruction unless the challenged instruction was erroneous and prejudicial to the appellant's rights. *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 46 P.3d 431 (App. 2002).

**¶9** Romero's argument is unavailing because neither *Halenar* nor *Gunnell* supports it. In *Halenar*, a decedent's survivors sued his coworkers for negligence. The trial

---

[4]That section provides: "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."

7

court found that Arizona's workers' compensation statutes precluded the action. Our supreme court held that the statutes in question, in accordance with the Arizona Constitution, did not preclude an action against fellow employees, but only barred an action against the employer in exchange for statutory benefits. *Id.*

¶10 In *Gunnell*, an excavator who was injured through both his own and the defendant utility's negligence sought to recover damages under Arizona's Underground Facilities Act, A.R.S. §§ 40-360.21 through 40-360.32. The trial court granted summary judgment and Division One of this court affirmed, finding that Gunnell's own negligence prevented him from recovering any damages. Our supreme court reversed, holding that, although both parties had, in fact, been negligent, the Act created a "comparative negligence regime" that required the issue to be submitted to a jury. 202 Ariz. 388, ¶ 22, 46 P.3d at 405. Stating that "the legislature [cannot] negate article XVIII, § 5 or 6 by decreeing through statute that a negligent actor whose conduct was *a* cause of injury was the sole cause of the injurious event," the court made clear that the constitution requires such issues to be decided by a jury. *Id.* ¶ 24.

¶11 Romero is correct that a claimant has a fundamental right under the Arizona Constitution "to bring an action to recover damages." *See Lerma v. Keck*, 186 Ariz. 228, 921 P.2d 28 (App. 1996). But the legislature may permissibly regulate a cause of action without abrogating it, as long as reasonable alternatives permit a claimant to bring the action. *Ramirez*. "A statute abrogates a cause of action if it 'bars a cause of action before it [can] legitimately be brought.'" *Fry's Food Stores v. Mather & Assocs., Inc.*, 183 Ariz. 89, 91, 900 P.2d 1225, 1227 (App. 1995), *quoting Kenyon v. Hammer*, 142 Ariz. 69, 74-75, 688 P.2d

961, 966-67 (1984). That is not the case here. Section 12-711 neither removes the question of liability from the jury nor requires a jury to take a particular action. *Cf. City of Tucson v. Fahringer*, 164 Ariz. 599, 603 (1990) (finding unconstitutional under Art. 18 § 5 statute that posed "an absolute bar to recovery of damages by a particular category of persons who could otherwise proceed with an action for damages."). It merely permits a jury, after making certain predicate findings, to find a claimant solely responsible for his or her own injury. It does not, as Romero insists, require a jury to find in a defendant's favor. *Cf. Salt River Project v. Westinghouse Elec.*, 176 Ariz. 383, 386 (App. 1993) (permissive instructions "leave the plaintiff's recovery to the discretion of the jury.").

¶12     When a statute "does not abrogate any viable 'right of action to recover damages,' it does not violate article 18, § 6." *Ramirez*, 193 Ariz. 325, ¶ 32, 972 P.2d at 667-68; *see also Cronin v. Sheldon*, 195 Ariz. 531, ¶ 34, 991 P.2d 231, 238 (1999) ("We have held that article 18, § 6 precludes *abrogation*, but not *regulation*."); *Jimenez v. Sears Roebuck & Co.*, 183 Ariz. 399, 407, 904 P.2d 861, 869 (1995) ("We long ago held that our constitution permits regulations effectively reducing a plaintiff's recovery."); *cf. Little v. All Phoenix S. Cmty. Mental Health Ctr., Inc.*, 186 Ariz. 97, 919 P.2d 1368 (App. 1995) (mental health statute eliminating all claims not within its confines abrogated general negligence cause of action for identified class of plaintiffs in violation of Art. 18 § 6); *Young v. DFW Corp.*, 184 Ariz. 187, 908 P.2d 1 (App. 1995) (statute providing exclusive remedy for dram shop liability abrogated general right to sue guaranteed by Art. 18 § 6). For that reason, as well as the foregoing discussion, we do not find that § 12-711 violates Article 18 § 6, the only constitutional issue presented and addressed here.

9

¶13     Absent any constitutional infirmity, a jury instruction should be given if the evidence tends to establish a theory supported by the instruction. *Anderson v. Nissei ASB Mach. Co.*, 197 Ariz. 168, 3 P.3d 1088 (App. 1999).  The evidence apparently did so here. Therefore, we cannot say the trial court erred in instructing the jury pursuant to the statute.

¶14     Defendants have requested attorney fees on appeal pursuant to Rule 21(c), Ariz. R. Civ. App. P., as a sanction against Romero for failing to comply with the rule requiring transcripts.  In our discretion, we decline to award such fees.

¶15     Based on the foregoing, the trial court's judgment is affirmed.

_____
PHILIP G. ESPINOSA, Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge



_____
M. JAN FLÓREZ, Presiding Judge