NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

CHI NGUYEN, *Plaintiff/Appellant,*

*v.*

CATHY NGUYEN, et al., *Defendants/Appellees.*

No. 1 CA-CV 16-0158
FILED 1-31-2017

---

Appeal from the Superior Court in Maricopa County
No.  CV2014-010172
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

---

COUNSEL

Robert F. Gehrke, Attorney at Law, Phoenix
By Robert F. Gehrke
*Counsel for Plaintiff/Appellant*

Collinsworth, Specht, Calkins & Giampaoli, LLP, Phoenix
By Mark T. Collinsworth, Ryan P. Swartz
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

---

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge John C. Gemmill joined.[1]

---

J O H N S E N, Judge:

**¶1**         Chi Nguyen ("Plaintiff") appeals from entry of summary judgment in favor of Cathy Nguyen ("Cathy") and Loananh Nguyen ("Loananh") on his claims for breach of contract and unjust enrichment. Because a question of fact exists as to whether Plaintiff and Cathy entered into an oral contract, we reverse summary judgment in favor of Cathy on this claim only. Otherwise, we affirm the summary judgment dismissing Plaintiff's unjust enrichment claims and breach of contract claim against Loananh for the reasons stated below.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**         In reviewing the grant of summary judgment, "we view the facts and evidence in a light most favorable to the party against whom summary judgment was granted and draw all reasonable inferences in favor of that party." *AROK Constr. Co. v. Indian Constr. Servs.*, 174 Ariz. 291, 293 (App. 1993). Applying this standard, the record shows Loananh, Cathy's sister-in-law, purchased a house in June 2012. According to Plaintiff, Cathy told him that she paid for the house, but to remain financially eligible for disability benefits, she put the deed in Loananh's name. At that time, Plaintiff and Cathy were in a relationship and soon thereafter moved into the house.

**¶3**         Plaintiff alleged that he loaned Cathy $40,000 to $50,000 to make improvements on the house and Cathy has not repaid him as promised.[2] Plaintiff admitted Loananh did not know of or consent to the

---

[1]         The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]         In his complaint, Plaintiff alleged the amount was $50,000; in his response to defendants' motion for summary judgment, he said the amount was approximately $40,000. The difference is not material to the outcome of this appeal.

improvements until they were complete. Plaintiff and Cathy broke up in July 2013.

¶4 Plaintiff sued, alleging breach of contract and unjust enrichment against Cathy and Loananh. Defendants moved for summary judgment, arguing there was no enforceable contract and that Plaintiff voluntarily paid for the improvements because of his relationship with Cathy and without Loananh's knowledge or consent. The trial court granted summary judgment in favor of Loananh, holding the improvements were done without her consent or knowledge. The court also found Plaintiff had no contract with Cathy and that she was not unjustly enriched by the improvements because she was not the homeowner. After an unsuccessful motion for reconsideration, Plaintiff filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2017).[3]

## DISCUSSION

¶5 We review the superior court's grant of summary judgment *de novo*, affirming if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Ariz. R. Civ. P. 56(c); *Orme School v. Reeves*, 166 Ariz. 301, 305 (1990).[4]

## A. Oral Contract.

¶6 Although Plaintiff's verified complaint alleged Loananh was "advised" of Plaintiff's alleged loan to Cathy for home improvements and that it needed to be repaid, Plaintiff admitted under oath that Loananh did not agree to pay for the improvements. That concession is fatal to his contract claim against Loananh. Nor does Plaintiff's allegation that Loananh accepted the improvements establish an oral agreement to repay him for them.

¶7 Plaintiff argues, however, that Cathy had apparent authority to bind Loananh, as principal, because Cathy told him she was the true owner of the home. But apparent authority is created when a *principal's* conduct leads a third party to reasonably believe she has authorized the

---

[3] Absent material revision after the relevant date, we cite a statute's current version.

[4] Although Rule 56 was amended after the relevant date, the revisions are immaterial to the disposition of this appeal. Therefore, we cite the rule's current version.

agent to act. *See Miller v. Mason-McDuffie Co. of S. Cal.*, 153 Ariz. 585, 589 (1987). Plaintiff had no communication with Loananh until after the improvements were completed and has not identified any conduct by Loananh that suggested Loananh authorized Cathy to bind her to an oral agreement. "Apparent authority can never be derived from the acts of the agent alone." *Reed v. Gershweir*, 160 Ariz. 203, 205 (App. 1989); s*ee also Anchor Equities, Ltd. v. Joya*, 160 Ariz. 463, 466-67 (App. 1989).

**¶8**         In support of his contract claim against Cathy, Plaintiff did provide some evidence that Cathy agreed to repay him for the improvements. Plaintiff's verified complaint stated Cathy agreed to repay him, and at his deposition, Plaintiff testified to the same effect. Defendants argue Plaintiff's deposition testimony that he decided to make the improvements because he planned to marry Cathy contradicted his allegation that Cathy agreed to repay him. The deposition testimony defendants cite, however, does not necessarily disprove Plaintiff's contention that Cathy agreed to repay him for the home improvements.

**¶9**         Defendants argue Plaintiff failed to provide a sworn affidavit in response to the summary judgment motion as required by Arizona Rule of Civil Procedure 56(e).[5] A moving party, however, is not entitled to summary judgment merely because the opposing party failed to file an affidavit in response. *Cullison v. City of Peoria*, 120 Ariz. 165, 167, n.1 (1978). In ruling on the motion, the court must consider not only affidavits, but also any verified pleadings, depositions, interrogatory responses, and admissions that are brought to its attention. *Cullison*, 120 Ariz. at 167, n.1; *see also Nemec v. Rollo*, 114 Ariz. 589, 592 (1977); *Tilley v. Delci*, 220 Ariz. 233, 236, ¶ 10 (App. 2009).

**¶10**         Plaintiff's verified complaint and his deposition testimony were sufficient to create a question of fact as to the existence of an oral

---

[5]         Rule 56(e) states:

> When a summary judgment motion is made and supported as provided in the rule, an opposing party may not rely merely on allegations or denials of its own pleading. The opposing party must, by affidavits or as otherwise provided in this rule, set forth specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment, if appropriate, shall be entered against that party.

agreement by Cathy.  In light of this evidence, the question of whether a contract existed requires a determination of witness credibility.  Credibility determinations are inappropriate for resolution by way of summary judgment.  *See Braillard v. Maricopa County*, 224 Ariz. 481, 489, ¶ 19 (App. 2010).[6]

**¶11**        Defendants also contend that even if Cathy agreed to reimburse Plaintiff, Plaintiff failed to establish the material terms of the contract.  Defendants, however, did not present this argument to the superior court in their motion for summary judgment.  We generally do not consider issues raised for the first time on appeal, and will not do so here. *See Romero v. Sw. Ambulance*, 211 Ariz. 200, 204, ¶ 6 (App. 2005).

## B.    Unjust Enrichment.

**¶12**        Plaintiff argues that absent a contract, he is entitled to recover under the equitable theory of unjust enrichment.[7]  "[U]njust enrichment provides a remedy when a party has received a benefit at another's expense and, in good conscience, the benefitted party should compensate the other." *Wang Elec., Inc. v. Smoke Tree Resort, L.L.C.*, 230 Ariz. 314, 318, ¶ 10 (App. 2012) (quoting *Murdock-Bryant Constr., Inc. v. Pearson*, 146 Ariz. 48, 53 (1985)).[8]

---

[6]        Because the verified complaint and deposition testimony are sufficient to create a question of material fact, we need not address the admissibility of the email that was translated from Vietnamese to English. Further, the voice mail Plaintiff cites was not included in the record on appeal; therefore, we do not address it.

[7]        Unjust enrichment is equivalent to the common-law cause of action called *quantum meruit*. *Murdock-Bryant Constr., Inc. v. Pearson*, 146 Ariz. 48, 52 (1985).  Both allow restitution based on the principle that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Id.* at 53 (quoting Restatement (First) of Restitution § 1 (1937)).

[8]        "An unjust enrichment claim requires proof of five elements: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Wang*, 230 Ariz. at 318, ¶ 10.

**¶13** Plaintiff argues the owner of the home benefitted from the improvements he paid for and because there was a dispute as to who owned the home, summary judgment was improper. Although Plaintiff alleged that Cathy was the actual homeowner, he did not provide any competent evidence to support this allegation. The deed showed Loananh was the homeowner. Plaintiff testified that Cathy told him she paid for the home and Loananh merely held the title. Plaintiff did not establish that he had actual knowledge that Cathy paid for the house, or that if she did, she did not convey it to Loananh. Thus, he failed to provide evidence that would create a question of fact as to Cathy's ownership interest and, therefore, whether she may be liable for unjust enrichment.

**¶14** Loananh argues Plaintiff is not entitled to recover from her under unjust enrichment because, as he admitted, he made the improvements without her prior notice or approval. Unjust enrichment requires that the enrichment be unjust. *Wang*, 230 Ariz. at 318, ¶ 10; *see also Blue Ridge Sewer Improvement Dist. v. Lowry & Assoc., Inc.*, 149 Ariz. 373, 376 (App. 1986). "Generally, one who performs work which he was not asked to do cannot reap the benefits of *quantum meruit*." *Blue Ridge*, 149 Ariz. at 376. It is not unjust for the owner to retain the benefit when the plaintiff voluntarily performed the improvements. *Id.*

**¶15** Contrary to Plaintiff's contention, the fact that Cathy agreed to repay Plaintiff for the improvements does not render Loananh liable under a theory of unjust enrichment. An owner is not liable for improvements the tenant agreed to but did not pay for "merely because [she] owned the property and the contractor was treated unfairly by the tenant." *Wang*, 230 Ariz. at 319-20, ¶¶ 14-15 (adopting this holding from *DCB Constr. Co. v. Central City Dev. Co.*, 965 P.2d 115, 121 (Colo. 1998)).

**¶16** As a matter of law, Plaintiff is not entitled to recover under unjust enrichment. We affirm the entry of summary judgment as to both defendants on the unjust enrichment claim.

## C. Attorney's Fees and Costs on Appeal.

**¶17** Plaintiff and both defendants request attorney's fees and costs on appeal pursuant to A.R.S. §§ 12-341 (2017), 12-341.01 (2017) and 12-349 (2017). Costs on appeal are awarded to the successful party pursuant to A.R.S. § 12-342 (2017). We award Loananh her costs and attorney's fees on appeal. Given that Cathy's appeal was only partially successful, we decline to award costs and fees to either side on Plaintiff's claims against her. The

superior court may consider awarding those fees at the conclusion of the case.[9]

## CONCLUSION

**¶18** We reverse the entry of summary judgment in favor of Cathy Nguyen on the breach of contract claim. We affirm the entry of summary judgment on all other claims.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[9] None of the claims or defenses constituted an unjustified action supporting an award of attorney's fees pursuant to A.R.S. § 12-349.