NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LAURA B. BRAMNICK, *Plaintiff/Appellee,*

*v.*

TREASURER OF MARICOPA COUNTY ARIZONA, *Defendant/Appellee.*

FORECLOSURE ASSISTANCE COMPANY, LLC, *Applicant/Appellee,*

*v.*

DANIEL M. GOTTLIEB, et al., *Applicants/Appellants.*

No. 1 CA-CV 19-0139
FILED 11-19-2019

Appeal from the Superior Court in Maricopa County
No. CV2018-052072
The Honorable Steven K. Holding, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Harper Law PLC, Gilbert
By Kevin R. Harper
*Counsel for Applicants/Appellants Daniel M. Gottlieb and Laura Lazar*

---

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Chief Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

**¶1**        This case involves competing applications for excess proceeds from a trustee's sale of real estate in Maricopa County owned by Martin A. Grant ("Grant").  For the following reasons, we affirm the superior court's order awarding the excess proceeds from the sale to Foreclosure Assistance Company, LLC ("FAC").

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        On February 2, 2018, Trustee Laura B. Bramnick ("Bramnick") sold the subject property at a trustee's sale.  Pursuant to Arizona Revised Statutes ("A.R.S.") section 33-812(P), Grant then assigned his interest in the excess proceeds to FAC.  After Bramnick distributed proceeds to satisfy the amounts secured by the deed of trust and the payment of the trustee's costs and expenses, $211,029.08 remained.  Bramnick filed a civil action pursuant to A.R.S. § 33-812(C)-(D), deposited the excess proceeds with the county treasurer, and was discharged from the proceedings.  In the civil action, Bramnick identified two encumbrances on the property: the deed of trust that had been satisfied through the sale and a *lis pendens* recorded by Daniel M. Gottlieb and Laura Lazar (collectively "Appellants").

**¶3**        FAC applied for release of the excess proceeds.  Appellants responded in opposition to FAC's application and applied for the release of the excess proceeds.  No other party claimed an entitlement to the proceeds.

**¶4**        Later, pursuant to A.R.S. § 33-812(J), FAC moved for a hearing to determine which application for the excess proceeds had priority.  In January 2019, the superior court held a hearing at which argument was presented, but no evidence was introduced.  Neither party had requested an evidentiary hearing or otherwise attempted to introduce evidence.  Based on the pleadings and arguments of counsel, the court found that Appellants had failed to set forth specific facts and evidence supporting their claim and concluded that FAC had a superior right to the proceeds.

**¶5**        Appellants timely appeal.[1] We have jurisdiction pursuant to A.R.S. §§ 12-120.21, -2101(A).

## DISCUSSION

**¶6**        Appellants contend that the superior court erred in requiring them to show "specific facts and evidence supporting [their] position" under A.R.S. § 33-812(J), when that statute does not so require, and in failing to hold an evidentiary hearing.

**¶7**        We review the superior court's interpretation of a statute *de novo*. *J.D. v. Hegyi*, 236 Ariz. 39, 40, ¶ 5 (2014). We will affirm the superior court's decision if it is correct for any reason.[2] *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 178 (App. 1984).

**¶8**        After a trustee's sale, the trustee may elect to deposit the proceeds with the county treasurer and commence a civil action in the county in which the sale occurred. A.R.S. § 33-812(C). Any person with a "recorded or other legal interest in the property at the time of the sale may apply for the release of the proceeds by filing an application for distribution in the civil action that was filed by the trustee." A.R.S. § 33-812(G). Appellants are correct in their contention that A.R.S. § 33-812(G) does not require that an applicant for excess proceeds set forth facts or evidence supporting their claim. Instead, that requirement attaches to a subsequent motion for hearing filed pursuant to A.R.S. § 33-812(J). When competing applications for excess proceeds are pending before the court, and an applicant files a motion for hearing, § 33-812(J) requires that "[t]he motion shall set forth the specific facts and evidence that support the applicant's or respondent's position." *Id.* To the extent the court relied on § 33-812(J) as

---

[1]     FAC has not submitted an answering brief, which we may, in our discretion, deem a confession of reversible error. *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007). We decline to exercise our discretion to do so.

[2]     Because Appellants have not provided transcripts from the hearing, we presume the superior court's reasoning is supported by the record. *See Romero v. Sw. Ambulance*, 211 Ariz. 200, 203, ¶ 4 (App. 2005) (noting in the absence of transcripts, a record is "insufficient for us to meaningfully review the trial court's rulings or to overcome the presumption that those rulings are supported by the record").

the basis for denying Appellants' application for the excess proceeds, the court erred. However, this does not end the inquiry.

¶9            Even though § 33-812(J) does not require that "specific facts and evidence supporting the applicant's position" are stated in an application or response for the excess proceeds, that statute does require that if more than one application for the excess proceeds is filed, "the court shall, hold a hearing to determine entitlement to the proceeds." The express language of the statute requires that the court make sufficient inquiry to determine whether the applicants have a right to receive the excess proceeds they claim. After FAC filed its application for release of excess proceeds, Appellants filed a response in opposition combined with an application for release of excess proceeds of their own. Then, FAC filed a motion for a hearing "to determine whether [FAC] is entitled to receive priority over [Appellants]." The court was obligated to hold a hearing upon receiving competing applications from FAC and Appellants, and Appellants were required to show the basis for their claim to the excess proceeds. *See Bekelian v. JP Morgan Chase Bank NA*, 246 Ariz. 352, 355, ¶ 14 (App. 2019). ("After receiving the application and the response, the superior court appropriately held a hearing to determine which party was entitled to the proceeds.").

¶10           Although Appellants claim that "the parties were not provided opportunity to introduce evidence supporting their claims," FAC's motion for hearing and the court's hearing-setting order put Appellants on notice that: (1) a hearing was set, (2) to determine whether FAC or Appellants were entitled to receive the excess proceeds, and (3) that the hearing was for oral argument, not evidentiary in nature. At no time did Appellants object to the hearing being set for oral argument only, nor did Appellants request an opportunity to introduce evidence.

¶11           Consistent with its order, the court held a hearing and heard oral argument regarding the competing claims. In determining Appellants' claim of right to the proceeds, the court considered their position as stated at the hearing, in their application, and in the entire court record. In fact, the court's record included Appellants' alleged equitable claim to the excess proceeds, as well as the facts regarding Appellants' *lis pendens* against the subject property, including the underlying action in federal court. In addition, Appellants were represented by counsel at that hearing. Appellants have not identified any additional information the court should have considered. Nor have they cited to any ruling by the superior court denying a request to proffer additional information. Whether Appellants were required to state the facts and evidence supporting their position in

their response and application, in a motion for hearing, or at the actual hearing is immaterial here because Appellants—having had notice, a hearing, and an opportunity to be heard while represented by counsel— were ultimately unable to establish that at the time of the sale they had a legal or equitable interest in the property. *See BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶¶ 12-14 (2012). The court found that Appellants' claim was not supported and that FAC had a superior right to the excess proceeds. We find support in the record for that finding.

**¶12** According to A.R.S. § 12-1191(A), a plaintiff in "an action affecting title to real property" may record a *lis pendens* as notice of the action. The *lis pendens* provides constructive notice to a purchaser or encumbrancer of the property. A.R.S. § 12-1191(B). The filing of a *lis pendens*, however, "[does] not establish the validity of [the plaintiff's] claim" and does not confer substantive rights. *BT Capital*, 229 Ariz. at 301, ¶ 14; *see also* A.R.S. § 33-420 (imposing penalties against those who improperly file a *lis pendens* against real property). The Arizona Supreme Court's analysis in *BT Capital* outlines the interplay between the *lis pendens* statute, A.R.S. § 12-1191, and the trustee's deed statute, A.R.S. § 33-811. Importantly, a *lis pendens* does not survive on a trustee's deed unless the *lis pendens* has been deemed to have senior priority over the deed of trust. A.R.S. § 33-811(E); *BT Capital*, 229 Ariz. at 301, ¶ 14. Conveyance by a trustee's deed "shall be absolute without right of redemption and clear of all liens, claims or interests that have a priority subordinate to the deed of trust and shall be subject to all liens, claims or interests that have a priority senior to the deed of trust." A.R.S. § 33-811(E). To avoid a trustee's sale extinguishing a *lis pendens*, and thus subordinating the underlying claim to the deed of trust, the plaintiff may file an injunction prior to the trustee's sale. *See* A.R.S. § 33-811(C); *BT Capital*, 229 Ariz. at 301, ¶ 10. Otherwise, challenges to the trustee's sale—including the provision in A.R.S. § 33-811(E) extinguishing liens, claims, and interests subordinate to the deed of trust—are deemed waived. A.R.S. § 33-811(C).

**¶13** Here, Appellants did not file for injunctive relief prior to the trustee's sale and did not subsequently establish that the *lis pendens* had priority over the deed of trust. Thus, the trustee's sale of the property extinguished any claims Appellants may have had against the property prior to its sale. FAC, however, presented the court an assignment of interest in excess proceeds from Grant issued following the trustee sale, satisfaction in full of the deed of trust, payment in full of the reasonable trustee's fees, and costs for conducting the sale. Other than Appellants' application, no other claim was made against the excess sale proceeds. As

such, the court properly determined FAC was entitled to receive excess proceeds from the trustee's sale of the property.

## CONCLUSION

¶14 Because the court held a hearing and fully considered Appellants' claim to the excess sale proceeds, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA