SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| BT CAPITAL, LLC, an Arizona limited liability corporation, | ) ) ) | Arizona Supreme Court No. CV-11-0308-PR |

BT CAPITAL, LLC, an Arizona              )  Arizona Supreme Court
limited liability corporation,           )  No. CV-11-0308-PR
                                         )
             Plaintiff/Appellant/         )  Court of Appeals
                Cross-Appellee,          )  Division One
                                         )  No. 1 CA-CV 10-0450
             v.                          )
                                         )  Maricopa County
TD SERVICE COMPANY OF ARIZONA,           )  Superior Court
an Arizona corporation; and              )  No. CV2009-022982
RCS-CHANDLER, LLC, an Arizona            )
limited liability company,               )
                                         )
          Defendants/Appellees,          )  **O P I N I O N**
and                                      )
                                         )
POINT CENTER FINANCIAL, INC., a          )
foreign corporation,                     )
                                         )
          Defendant/Appellee/            )
             Cross-Appellant.            )
_____)

Appeal from the Superior Court in Maricopa County
The Honorable Bethany G. Hicks, Judge

**AFFIRMED**
_____

Opinion of the Court of Appeals, Division One
228 Ariz. 188, 265 P.3d 370 (App. 2011)

**VACATED**
_____

THE DOYLE FIRM, P.C.                                         Phoenix
     By    William H. Doyle
           Brian R. Hauser
           Robert J. Lord
           D. Andrew Bell
           Nathaniel J. Odle
Attorneys for BT Capital, LLC

JABURG & WILK, P.C.                                    Phoenix
     By    Kathi Mann Sandweiss
           Roger L. Cohen
Attorneys for TD Service Company of Arizona
and RCS-Chandler LLC

GALLAGHER & KENNEDY, P.A.                              Phoenix
     By    Thomas A. Maraz
           Joseph E. Cotterman
Attorneys for Point Center Financial, Inc.
_____

**B A L E S**, Justice

¶1      This case concerns commercial property that was subject to a deed of trust and auctioned at trustee's sales twice in 2009.  Alleging it was the successful bidder at the second sale, BT Capital, LLC ("BT") sued the trustee and the trust beneficiary seeking title to the property and damages.  We hold that this case was rendered moot when the property was purchased by the beneficiary at a third trustee's sale in 2010.

                              **I.**

¶2      Point Center Financial, Inc. ("PCF") was the beneficiary of a deed of trust for commercial property in Chandler, Arizona, securing PCF's loan for $32 million.  TD Service Company of Arizona ("TD") was the trustee.  At noon on June 15, 2009, TD allegedly held a trustee's sale.  PCF contends it then purchased the property when TD made a $1 million credit bid (TD was authorized to make credit bids on PCF's behalf up to $25 million if competing bids were placed).  After a representative of BT told the auctioneer that the sale had been

noticed for 2 p.m., TD directed the auctioneer to redo the auction, and a second sale occurred around 3:30 p.m. that same day. TD made an opening bid of $1 million on PCF's behalf. BT bid $1,000,001. TD mistakenly failed to make a further bid on behalf of PCF, instead announcing BT as the winning bidder. When BT tendered the balance of its bid price the next day, TD rejected it, contending that the second auction was void because there had been a mistake in communicating correct bid instructions.

¶3        In July 2009, BT filed a complaint seeking title to the property and damages from TD and PCF for failure to complete the sale. BT also filed a notice of *lis pendens*. TD noticed another trustee's sale, which the trial court preliminarily enjoined. In February 2010, the trial court granted summary judgment in favor of PCF and TD. The court found the 3:30 p.m. sale on June 15 void for procedural irregularities, which defeated BT's claims based on TD's alleged wrongful refusal to deliver a trustee's deed. The trial court also dismissed BT's tort claims, ruling that TD did not owe any duty to BT.

¶4        On June 1, the trial court issued an order clarifying that its summary judgment ruling terminated the preliminary injunction. That same day, BT filed a notice of appeal. On June 25, BT filed an "Emergency Motion to Reinstate Preliminary Injunction" with the court of appeals. On July 6, the court of

3

appeals denied that motion but noted BT could apply to the trial court for an order staying its ruling and setting the amount of a supersedeas bond. BT did not file such an application.

¶5 While BT's "Emergency Motion" was pending, on July 1, 2010, TD conducted another trustee's sale, in which PCF acquired the property. On July 9, a trustee's deed conveying the property to PCF was recorded.

¶6 The court of appeals rejected arguments by PCF and TD that the 2010 sale mooted BT's appeal. *BT Capital, LLC v. TD Serv. Co.*, 228 Ariz. 188, 191-92 ¶¶ 11-14, 265 P.3d 370, 373-74 (App. 2011). On the merits, the court ruled that TD could not void the sale to BT resulting from the 3:30 p.m. auction in June 2009, reversed the superior court's entry of summary judgment for PCF and TD, and remanded the case for further proceedings. *Id.* at 196-97 ¶ 39, 265 P.3d at 378-79.

¶7 We granted review to consider the proper application of the statutes governing deeds of trust, an issue of statewide importance. Jurisdiction exists under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2009).

**II.**

¶8 At its core, this litigation turns on whether PCF or BT became the rightful owner of the property as a result of the trustee's sales. BT argues that it purchased the property at the 3:30 p.m. auction in June 2009, that TD wrongfully refused

4

to deliver a trustee's deed when BT tendered the balance of the purchase price, and that BT is entitled at least to seek damages from TD and PCF.

¶9        The "deed of trust scheme is a creature of statutes." *In re Vasquez*, 228 Ariz. 357, 359 ¶ 4, 266 P.3d 1053, 1055 (2011) (citing *In re Krohn*, 203 Ariz. 205, 208 ¶ 9, 52 P.3d 774, 777 (2002)).  BT's rights related to the trustee's sale, and thus any claims it may have against the trustee TD or the beneficiary PCF, are defined by the statutes governing deeds of trust.  Under those statutes, this case became moot as a result of the lawfully conducted trustee's sale in July 2010.  *See Sedona Private Prop. Owners Assoc. v. City of Sedona*, 192 Ariz. 126, 127, 961 P.2d 1074, 1075 (App. 1998) (noting that "[a] case becomes moot when an event occurs which would cause the outcome of the appeal to have no practical effect on the parties").

¶10        Objections to a trustee's sale are governed by A.R.S. § 33-811, which provides:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale  . . . .

A.R.S. § 33-811(C).  Under this statute, a person who has defenses or objections to a properly noticed trustee's sale has

one avenue for challenging the sale: filing for injunctive relief. *Cf. In re Krohn*, 203 Ariz. at 214 ¶ 38, 52 P.3d at 783 (allowing debtor to challenge completed trustee's sale based on grossly inadequate bid price).

¶11 Where, as here, a trustee's sale is completed, a person subject to § 33-811(C) cannot later challenge the sale based on pre-sale defenses or objections. In that circumstance, the rights of the successful bidder – PCF in this case – are also specified in the statute:

> The trustee's deed shall operate to convey to the purchaser the title, interest and claim of the trustee, the trustor, the beneficiary, their respective successors in interest and all persons claiming the trust property sold by or through them, including all interest or claim in the trust property acquired subsequent to the recording of the deed of trust and prior to the delivery of the trustee's deed. That conveyance shall be absolute without right of redemption and clear of all liens, claims or interests that have a priority subordinate to the deed of trust and shall be subject to all liens, claims or interests that have a priority senior to the deed of trust.

A.R.S. § 33-811(E).

¶12 BT does not dispute that it received notice of, and in fact attended, the July 2010 sale. After the trial court dissolved its preliminary injunction, BT unsuccessfully requested the court of appeals to reinstate it. BT then did not seek a stay in the trial court. Under §§ 33-811(C) and (E), BT thus waived "all defenses and objections to the [2010] sale," and the resulting trustee's deed conveyed the property to PCF

6

"clear of all . . . claims or interests that have a priority subordinate to the deed of trust."

¶13     BT makes two arguments in attempting to salvage its claims.  It first contends that PCF's title under the 2010 trustee's deed remains subject to its claims because BT filed a *lis pendens* in 2009.  In an "action affecting title to real property," a plaintiff may record a notice of the action – a *lis pendens* – pursuant to A.R.S. § 12-1191.  "[T]hereafter a purchaser or encumbrancer of the property affected shall be held to have constructive notice of the pendency of the action and the claims therein made . . . ."  *Id.* § 12-1191(B).

¶14     BT's argument misapprehends the interplay of §§ 12-1191 and 33-811.  BT had a "claim" that it was entitled to the property as a result of the 2009 sale, and its lawsuit was "an action affecting title to real property."  *Id.* § 12-1191(A).  Although filing the *lis pendens* provided constructive notice of the lawsuit, it did not establish the validity of BT's claim or give it priority over the pre-existing deed of trust for purposes of § 33-811(E).  *See Kelly v. Perry*, 111 Ariz. 382, 385, 531 P.2d 139, 142 (1975) (noting that, as "a statutory substitute for notice of a legal proceeding which affects the title to realty," a *lis pendens* "is fundamentally procedural" and does not "confer[] any additional substantive right").  To conclude otherwise would render § 33-811(C) ineffective, because

7

a party that failed to obtain an injunction preventing the sale – like BT here – could nonetheless preserve its objections merely by filing a lawsuit and *lis pendens*.

¶15      BT also argues that the court of appeals correctly relied on *Vinson v. Marton & Assocs.*, 159 Ariz. 1, 764 P.2d 736 (App. 1988), to conclude that BT's claims for money damages survived the sale of the property.  In *Vinson*, the plaintiff unsuccessfully sought specific performance of a contract for the sale of land; while an appeal was pending, the defendant sold the land to someone else.  Rejecting the argument that the sale mooted the appeal, the court of appeals held that, although specific performance was no longer available, the plaintiff could still seek damages.  *Id*. at 5, 764 P.2d at 740.

¶16      *Vinson* is inapposite because BT cannot state a viable claim for money damages against TD or PCF.  BT did not appeal the trial court's dismissal of its tort claims.  Nor has BT identified any other basis for a damages claim.

¶17      BT argues that it was the successful bidder at the 3:30 p.m. auction in June 2009, and it has viable breach of contract claims based on case law recognizing such claims by bidders against auctioneers.  At common law, the highest bidder at an auction can be said to have entered into a contract for the sale of land on acceptance of the offeree's bid.  *See* Restatement (Second) of Contracts § 28 (1981) ("auctioneer

8

invites offers from successive bidders which he may accept or reject"); *Id*. § 30 illus. 4 ("A makes a bid at an auction sale. By the usual custom at auctions, the auctioneer may accept by letting the hammer fall, by saying 'Sold', or by any words manifesting acceptance.").

¶18     BT's rights, however, are determined by the statutes governing deeds of trust, not the common law.  The statutes provide that "[e]very bid shall be deemed an irrevocable offer until the sale is completed," A.R.S. § 33-810(A), and "[t]he sale shall be completed on payment by the purchaser of the price bid in a form satisfactory to the trustee."  *Id*.  No sale was completed because TD rejected BT's payment.

¶19     If TD's refusal to accept payment was improper (an issue we do not decide), BT might have brought an action seeking to compel TD to complete the sale consistent with its statutory obligations.  *See* A.R.S. §§ 33-801(10) (providing that "[t]he trustee's obligations to the trustor, beneficiary and other persons are as specified in this chapter, together with any other obligations specified in the trust deed"); 33-807(E) ("[t]he trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligations under this chapter or under the deed of trust").  But that statutory claim was mooted by the 2010 trustee's sale at which PCF acquired the property.  Moreover, because the statutes do not recognize any

right to recover damages in these circumstances, they preclude a third party like BT from asserting claims for common law breach of contract against the trustee or beneficiary.

¶20    In short, the 2010 trustee's sale establishes that BT has no claim to title to the property.  BT did not appeal the dismissal of its tort claims and has no viable statutory or contract claim for damages.

**III.**

¶21    For the foregoing reasons we vacate the court of appeals' opinion, affirm the superior court's entry of summary judgment in favor of PCF and TD, and grant PCF's request for attorney's fees.


_____
                    W. Scott Bales, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
A. John Pelander, Justice


_____
Robert M. Brutinel, Justice


10