NOT FOR PUBLICATION                          SEP 25 2012

| | |
|---|---|
| FAUSTO U. CETTOLIN, Jr.; DONNA L. CETTOLIN, | No. 10-17915 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-08036-JAT |
| v. | MEMORANDUM[*] |
| GMAC MORTGAGE LLC; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

     Fausto U. Cettolin, Jr. and Donna L. Cettolin appeal pro se from the district

court's judgment dismissing their action arising from foreclosure proceedings.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Cervantes v.*

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm in part and dismiss in part.

The district court properly dismissed the Cettolins' state law claims because the Cettolins failed to obtain injunctive relief before the trustee's sale of the property. *See* Ariz. Rev. Stat. § 33-811(C) (trustor's defenses and objections to a trustee's sale are waived if they are not raised in an action resulting in injunctive relief before the sale); *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz. 2012) (en banc) ("Where . . . a trustee's sale is completed, a person subject to § 33-811(C) cannot later challenge the sale based on pre-sale defenses or objections."). Moreover, the Cettolins' "show the note" argument is unpersuasive. *See Hogan v. Washington Mut. Bank, N.A.*, 277 P.3d 781, 782 (Ariz. 2012) (en banc) ("Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure.").

The district court did not abuse its discretion by denying the Cettolins' motion to amend based on futility and failure to comply with the local rules. *See Cervantes*, 656 F.3d at 1041-43 (setting forth standard of review and upholding denial of leave to amend because amendment would be futile and plaintiffs failed to comply with the local rules).

The district court did not abuse its discretion by denying the Cettolins' "Motions for Relief and for Declaratory Judgment" because the Cettolins failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We lack jurisdiction to review the district court's orders denying the Cettolins' subsequent motions for reconsideration because the Cettolins failed to file an appeal or amended notice of appeal from those post-judgment orders. *See* Fed. R. App. P. 4(a)(4)(B)(ii) (appellant must file a notice of appeal or amend a previously filed notice of appeal to secure review of a post-judgment order). Accordingly, we dismiss that portion of the appeal.

Defendants' request for attorney's fees is denied without prejudice to a separately filed motion on the issue. *See* Fed. R. App. P. 38.

**AFFIRMED in part; DISMISSED in part.**

10-17915