**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUANE VARBEL,

               Plaintiff - Appellant,

  v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS
INCORPORATED; CWABS
INCORPORATED,

               Defendants - Appellees.

No. 12-16389

D.C. No. 2:12-cv-00662-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

    Duane Varbel appeals pro se from the district court's judgment dismissing

his diversity action arising out of foreclosure proceedings.  We have jurisdiction

under 28 U.S.C. § 1291.  Appellees have filed a motion to dismiss this appeal as

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

moot because the trustee has now sold the property to a third party. We grant the motion and dismiss the appeal.

Varbel failed to obtain injunctive relief before the trustee's sale of the property. Under Arizona statutes governing the trustee's sale, Varbel has now waived his defenses and objections to the sale. *See* Ariz. Rev. Stat. § 33-811(C) (defenses and objections to a trustee's sale are waived if they are not raised in an action resulting in injunctive relief before the sale); *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz. 2012) (en banc) ("Where . . . a trustee's sale is completed, a person subject to § 33-811(C) cannot later challenge the sale based on pre-sale defenses or objections."). Because the foreclosure sale has been completed, Varbel no longer has any effective remedy. We therefore dismiss Varbel's appeal as moot. *See Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (a case is moot when there is no longer a present controversy as to which effective relief can be granted).

Appellees' request for judicial notice of the Deed Upon Sale is granted.

The district court's order granting defendants' motion to dismiss, District Court Docket Item No. 17, is vacated. *See ACLU of Nev. v. Masto*, 670 F.3d 1046, 1065 (9th Cir. 2012).

**DISMISSED.**

12-16389