**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELENA MARGARITIS, | No. 12-15643 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01741-SRB |
| v. | |
| BAC HOME LOANS SERVICING LP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 12, 2014[**]

Before:    LEAVY, McKEOWN, and M. SMITH, Circuit Judges.

Elena Margaritis appeals pro se from the district court's judgment

dismissing her action arising out of foreclosure proceedings.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *Zadrozny v. Bank of N.Y. Mellon*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

720 F.3d 1163, 1167 (9th Cir. 2013), and we affirm.

The district court properly dismissed Margaritis's claims under the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA), and the Real Estate Settlement and Procedures Act ("RESPA"), and Margaritis's claims for breach of fiduciary duty and unjust enrichment as time-barred because Margaritis filed her action more than four years after the alleged violations. *See* 12 U.S.C. § 2614 (prescribing at most a three-year statute of limitations for violations of RESPA); 15 U.S.C. §§ 1635(f), 1640(e) (TILA action for rescission must be brought within three years of consummation of the loan; an action for damages under TILA and HOEPA must be brought within one year of the alleged violation); Ariz. Rev. Stat. § 12-542 (prescribing two-year statue of limitations for claims of breach of fiduciary duty); Ariz. Rev. Stat. § 12-543 (prescribing three-year statute of limitations for claims of unjust enrichment).

The district court properly dismissed Margaritis's Fair Credit Reporting Act claim because there is no private right of action under 15 U.S.C. § 1681s-2(a) and Margaritis did not allege that she notified a credit reporting agency of her dispute, as required to trigger the duties set forth in 15 U.S.C. § 1681s-2(b). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

The district court properly dismissed Margaritis's claim under the Racketeer

Influenced and Corrupt Organizations Act ("RICO") because Margaritis failed to allege specific facts showing a pattern of racketeering activity. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557-58 (9th Cir. 2010) (discussing elements of a RICO claim and particularity requirements of Fed. R. Civ. P. 9(b)).

The district court properly dismissed Margaritis's fraudulent concealment claim because Margaritis failed to allege facts with the specificity required by Fed. R. Civ. P. 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing Rule 9(b)'s specificity requirement).

The district court properly dismissed Margaritis's conspiracy claim because she failed to allege sufficient facts to support any underlying causes of action. *See Baker ex. rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phx., Inc.*, 5 P.3d 249, 259 (Ariz. Ct. App. 2000) (stating that under Arizona law, conspiracy is not an independent tort).

The district court properly dismissed Margaritis's claims to set aside the trustee's sale and quiet title because Margaritis failed to obtain injunctive relief before the trustee's sale of the property and has waived her defenses and objections to the sale. *See* Ariz. Rev. Stat. § 33-811(C) (defenses and objections to a trustee's sale are waived if they are not raised in an action resulting in injunctive relief before the sale); *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz.

2012) (en banc) (explaining that once a trustee's sale is completed, "a person subject to § 33-811(C) cannot later challenge the sale based on pre-sale defenses or objections").

The district court properly dismissed Margaritis's claim alleging a violation of California Business and Professions Code § 17200 because the California statute does not apply to actions or transactions that took place in Arizona.

The district court properly dismissed Margaritis's claim for wrongful foreclosure because Arizona state courts do not recognize a wrongful foreclosure cause of action. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011).

The district court properly dismissed Margaritis's claims for predatory lending, unfair debt collection practices, and slander of title because Margaritis failed to allege sufficient facts to state plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying leave to file an amended complaint. *See Cervantes*, 656 F.3d at 1041 (reviewing for an abuse of discretion and stating that a district court may dismiss without leave to amend

when amendment would be futile).

Margaritis's contentions concerning judicial bias are unpersuasive and not supported by the record.

**AFFIRMED.**