**NOT FOR PUBLICATION**

JUN 16 2015

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY J. TAPPER,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, its assignees and/or successors-in-interest trustee of Residential Asset Securitization Trust 2007-A7 Mortgage Pass-Through Certificates Series 2007-G Under the Pooling and Servicing Agreement Dated 5/1/07 and ONEWEST BANK, FSB, a federally chartered savings bank, individually and as successor-in-interest to IndyMac Bank FSB successor in interest IndyMac Bank FSB,<br><br>      Defendants - Appellees. | No. 12-16569<br><br>D.C. No. 2:11-cv-00088-ROS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 8, 2015[]
San Francisco, California

Before:  SCHROEDER, D.W. NELSON, and CHRISTEN, Circuit Judges.

Henry J. Tapper lost his home to foreclosure.  He filed suit against Deutsche Bank National Trust Company and OneWest Bank, FSB, challenging the trustee's sale.  The district court dismissed Tapper's claims under Federal Rule of Civil Procedure 12(b)(6).  Tapper timely appealed.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal of Tapper's claims.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008).  We affirm.

1.      The district court properly dismissed the breach of contract claim in the amended complaint alleging violation of Treasury Department directives.  Tapper alleged that OneWest violated Treasury Department directives providing guidance to mortgage loan servicers who contracted with the government to participate in the Home Affordable Modification Program (HAMP).  Even assuming OneWest agreed to abide by the directives when it contracted with the government—a fact Tapper's amended complaint did not allege—the district court properly concluded that Tapper lacks standing to bring this claim.  *See Astra USA, Inc. v. Santa Clara*

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Cnty., Cal.*, 131 S. Ct. 1342, 1347–48 (2011); *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 2000) ("Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary.").

**2.**     The district court dismissed the claims in Tapper's second amended complaint for failure to comply with A.R.S. § 33-811(C).  Each of the claims challenged the validity of the trustee's sale.  Because Tapper did not file for injunctive relief despite having notice of the trustee's sale, he failed to comply with the statutory prerequisite for challenging the foreclosure.  *See* Ariz. Rev. Stat. § 33-811(C); *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz. 2012) (en banc).  To the extent Tapper argues that OneWest obligated itself to modify his mortgage notwithstanding the Arizona statute, his claims for promissory estoppel and breach of the implied covenant of good faith and fair dealing fail because he did not show that OneWest promised to modify his loan.  The information worksheet and website printout attached to Tapper's second amended complaint provide that if a HAMP application is submitted less than 30 days prior to a scheduled foreclosure sale, it must be sent via certified mail and received and accepted at least seven days prior to the sale.  Tapper's second amended complaint alleged his agent faxed (not mailed) application materials to OneWest, including

3

some on July 2, 2010, less than seven days before the sale.  It did not allege facts establishing that his HAMP application was accepted by OneWest.

**AFFIRMED.**

4