**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDLE V. LEHNERD, | No. 15-16641 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01811-SPL |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF NEW YORK MELLON CORP., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Wendle V. Lehnerd appeals pro se from the district court's judgment

dismissing his diversity action arising from foreclosure proceedings. We review

de novo questions of our own jurisdiction. *Hunt v. Imperial Merchant Servs., Inc.*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

560 F.3d 1137, 1140 (9th Cir. 2009).  We dismiss the appeal.

Lehnerd failed to obtain injunctive relief before the trustee's sale of the property, and he therefore waived any defenses and objections to the sale.  *See Ariz. Rev. Stat.* § 33–811(C) (defenses and objections to a trustee's sale are waived if they are not raised in an action resulting in injunctive relief before the sale); *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz. 2012) (en banc) (once a trustee's sale is completed, "a person subject to § 33–811(C) cannot later challenge the sale based on pre-sale defenses or objections").  Because the foreclosure sale has been completed, we cannot grant Lehnerd any effective relief and dismiss Lehnerd's appeal as moot.  *See Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (a case is moot when there is no longer a present controversy as to which effective relief can be granted).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**DISMISSED.**

15-16641