NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHRYSOULA SPYROPOULOS, *Plaintiff/Appellant*,

*v.*

JASON P. SHERMAN, et al., *Defendants/Appellees*.

No. 1 CA-CV 17-0516
FILED 7-17-2018

Appeal from the Superior Court in Maricopa County
No.  CV2016-094879
The Honorable David King Udall, Judge

**AFFIRMED**

APPEARANCES

Chrysoula Spyropoulos, Mesa
*Plaintiff/Appellant*

Shapiro, Van Ess & Sherman, LLP, Phoenix
By Jason P. Sherman, Lydia R. Tulin
*Co-Counsel for Defendant/Appellee Jason P. Sherman*

Zieve, Brodnax & Steele, LLP, Phoenix
By Eric L. Cook
*Counsel for Defendants/Appellees Bayview, et al.*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

---

**B E E N E**, Judge:

¶1          Chrysoula Spyropoulos ("Spyropoulos") appeals the superior court's dismissal of her claims against the beneficiaries of a trust and the trustee who oversaw the sale of property after she defaulted on the underlying loan. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          On January 27, 2005, Spyropoulos entered into a deed of trust with First Magnus Financial Corp. ("First Magnus") for a loan against her property. The deed was recorded in the Maricopa County Recorder's Office. In 2012, First Magnus assigned the deed to the Bank of New York Mellon FKA The Bank of New York ("BONY"). On May 27, 2016, Jason Sherman ("Sherman") was appointed trustee.

¶3          After Spyropoulos defaulted on the loan, Sherman recorded a Notice of Trustee's Sale against her property. Spyropoulos filed suit against Sherman, BONY, First Magnus, several loan servicing companies including Bayview, and Bank of America (collectively "Defendants") alleging (1) to set aside trustee's sale; (2) wrongful foreclosure; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) negligence; (6) unjust enrichment; (7) to void or cancel assignment of deed of trust; (8) to void or cancel trustee's deed upon sale; (9) fraud; (10) quiet title; and (11) slander of title. Concurrently, Spyropoulos applied for a temporary restraining order ("TRO") to enjoin the trustee's sale from occurring.

¶4          On August 25, 2016, the superior court denied Spyropoulos' application for a TRO. The property was sold at a trustee's sale, and a trustee's deed was recorded with the Maricopa County Recorder's Office on February 14, 2017.

¶5          In December 2016, Defendants Bank of America, Sherman, and Bayview filed separate motions to dismiss. The superior court granted Bank of America's motion to dismiss on January 13, 2017 after Spyropoulos failed to file a response. Subsequently, the court denied Sherman's motion

to dismiss as moot pursuant to its January 13 ruling. Sherman filed a motion for clarification which was denied by the court without further explanation.

**¶6**      In April 2017, Sherman filed a second motion to dismiss, and the remaining Defendants filed an Answer to Spyropoulos' initial complaint. The superior court ruled that Spyropoulos' complaint failed under Arizona Rule of Civil Procedure ("Rule") 12(b)(6) because it failed to state a claim upon which relief can be granted. The court dismissed the entire case with prejudice and entered final judgment.

**¶7**      We have jurisdiction over Spyropoulos' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

**¶8**      We review *de novo* the dismissal of a complaint under Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). "Dismissal is appropriate under Rule 12(b)(6) only if, as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id*. at 356, ¶ 8 (internal quotations and citation omitted). We will affirm the superior court's dismissal if it is correct for any reason. *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶ 10 (App. 2014).

**¶9**      "The deed of trust scheme is a creature of statutes." *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 300, ¶ 9 (2012) (quotations omitted). Claims raising objections or defenses to a trustee's sale are governed by A.R.S. § 33-811(C), which provides:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of sale.

Moreover, A.R.S. § 33-811(B) states:

> The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter

3

relating to the exercise of power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale. A trustee's deed shall constitute conclusive evidence of the meeting of those requirements in favor of purchasers or encumbrancers for value and without actual notice.

¶10      Here, Spyropoulos does not argue that she lacked notice of the trustee's sale. Under A.R.S. § 38-811(C), she waived her objections and defenses to the sale when she failed to obtain a TRO prior to the sale of the property. *See BT Capital*, 229 Ariz. 300-01, ¶ 9 (finding a cause of action objecting to a trustee's sale became moot after the sale was completed). Further, the Trustee's Deed provides conclusive evidence that the statutory requirements of the trustee sale were met. *See Main I Ltd. P'ship v. Venture Capital Constr. & Dev. Corp.*, 154 Ariz. 256, 260 (App. 1987) ("where the statute states that the trustee's deed constitutes conclusive evidence of compliance with the requirements of the deed of trust statutes, this evidence cannot be rebutted.") (internal quotations omitted).

¶11      Given that Spyropoulos waived all objections and defenses to the trustee's sale when the court declined to order a TRO, and the tort allegations in her complaint relied solely on the invalidity of the sale, we find that the superior court did not err by granting the Defendants' motion to dismiss. *See Madison v. Groseth*, 230 Ariz. 8, 10, ¶ 1 (App. 2012) (upholding dismissal of tort claims waived under A.R.S. § 33-811(C)).

## CONCLUSION

¶12      For the foregoing reasons, we affirm the superior court's judgment. Appellees Bank of New York, Bayview, and Mortgage Electronic Registration Systems request their attorneys' fees and costs pursuant to the Note, Deed of Trust, A.R.S. § 12-341.01, and -349. We grant Appellees' requests for attorneys' fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA