NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HSBC BANK USA NA, *Plaintiff/Appellee,*

*v.*

PAUL VAN BUREN, *Defendant/Appellant.*

No. 1 CA-CV 17-0738
FILED 11-29-2018

Appeal from the Superior Court in Maricopa County
No.  CV2017-012664
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Houser & Allison PC, Phoenix
By Robert W. Norman, Jr., Solomon S. Krotzer

Zieve Brodnax & Steele LLP, Phoenix
By Eric L. Cook, Joseph J. Tirello
*Co-Counsel for Plaintiff/Appellee*

Paul Van Buren, Phoenix
*Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

_____

**C A T T A N I**, Judge:

**¶1** Paul Van Buren appeals the superior court's judgment finding him guilty of forcible detainer and awarding HSBC Bank USA, NA as Trustee for Deutsche Alt A Securities, Inc., Series 2006-AF1 ("HSBC") immediate and exclusive possession of a residence in Phoenix. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** In June 2017, HSBC purchased Van Buren's home (the "Property") at a trustee's sale and promptly recorded the trustee's deed. After the purchase, HSBC discovered that Van Buren and his family were still living on the Property. In September 2017, HSBC mailed the Van Burens a notice to vacate and posted the notice on the Property's front door. The Van Burens refused to leave, and in October 2017, HSBC filed a forcible entry and detainer ("FED") action.

**¶3** After Van Buren failed to timely file an answer to the complaint, HSBC moved for judgment on the pleadings, asserting that the trustee's deed proved that HSBC was entitled to the Property. Van Buren thereafter appeared at a pretrial hearing and pleaded "not guilty," and he then filed an untimely answer to the complaint, denying all allegations. At the time set for trial, Van Buren repeatedly indicated to the court that he had no witnesses or exhibits to present. Noting Van Buren's untimely answer and the absence of any evidence to counter HSBC's trustee's deed, the superior court found the Van Burens guilty of forcible detainer and entered judgment in favor of HSBC for immediate possession of the Property.

**¶4** Van Buren timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-2101(A)(1), -1182(A).

**DISCUSSION**

**¶5** Van Buren argues that the superior court erred by granting judgment in favor of HSBC. First, he argues that Ocwen Loan Servicing

("Ocwen") was the real party in interest, so HSBC had no right to the Property.  Second, he argues that the FED action contradicts the Arizona deed of trust statutory scheme.

## I.      Real Party in Interest.

**¶6**          Van Buren argues that Ocwen, not HSBC, is the real party in interest, and thus that HSBC had no right to bring the FED action.  He asserts that Ocwen holds the title to the Property because the trustee's deed gives HSBC's address as "c/o Ocwen Loan Servicing, LLC."  But Van Buren does not cite any record evidence or any legal authority supporting his position that the inclusion of "c/o Ocwen" in the mailing address on the trustee's deed reflects a change in ownership of the property, or that this action is prohibited by Arizona law.  *See* ARCAP 13(a)(5), (7)(A).

**¶7**          Furthermore, regardless of the mailing address on the trustee's deed, the operative portion of the deed specified that the Property was conveyed to HSBC (without any mention of Ocwen).  And Van Buren presented no evidence to controvert the sale to HSBC reflected in the trustee's deed, which HSBC duly recorded.  As owner of the property by virtue of the trustee's deed, HSBC established its right to possession.  *See Carrington Mortg. Servs. LLC v. Woods*, 242 Ariz. 455, 457, ¶ 12 (App. 2017) (reasoning that recorded deeds evidenced grantee's right to possession of a property).  Thus, the superior court did not err by finding that HSBC has the superior right to possession of the Property.

## II.      Alleged Defects in Title.

**¶8**          Van Buren also argues that HSBC does not have title to the Property because HSBC violated the "Arizona Deed of Trust Scheme."  *See* A.R.S. §§ 33-801 to -821.  But the merits of title are beyond the scope of an FED action.  *See* A.R.S. § 12-1177(A) ("[In an FED action], the only issue shall be the right of actual possession and the merits of title shall not be inquired into."); *see also Curtis v. Morris*, 186 Ariz. 534, 534 (1996) (noting that "the prohibition against inquiring into the merits of title under § 12-1177(A) in a forcible detainer action is alive and well").  Any purported title issues were thus irrelevant to this FED action; the only issue to be determined was the right of possession.  And as described above, HSBC had the right of possession under the trustee's deed.

**¶9**          Moreover, even assuming the argument were proper in an FED action, Van Buren's argument fails to account for other statutory restrictions on challenges to trustee's sales.  The "deed of trust scheme is a creature of statutes," *In re Krohn*, 203 Ariz. 205, 208, ¶ 9 (2002), and a

trustor's rights and any related claims against the trustee are controlled by those statutes. *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 300–01, ¶ 9 (2012). By statute, any challenge to the trustee's sale must be pursued before the sale has been completed. *See* A.R.S. § 33-811(C); *BT Capital*, 229 Ariz. at 301, ¶ 11. After the trustee's sale is complete, the trustor may not later challenge the sale based on pre-sale objections. *BT Capital*, 229 Ariz. at 301, ¶ 11; *see also* A.R.S. § 33-811(C) (stating that the trustor "waive[s] all defenses and objections to the sale" unless raised in a successful request for a pre-sale injunction). Although such waiver applies only to a trustor to whom notice of the sale was mailed, *see* A.R.S. § 33-811(C), the trustee's deed raised a presumption that the sale comported with statutory requirements, *see* A.R.S. § 33-811(B), and Van Buren did not contend that he lacked notice of the trustee's sale.

**¶10**      By failing to dispute the sale before it occurred, Van Buren waived any defenses or objections. *See* A.R.S. § 33-811(C). Accordingly, even if Van Buren could properly raise such a contention in this FED action, he has offered no cognizable basis for invalidating the trustee's sale.

## CONCLUSION

**¶11**      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA