**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BOB L. HANKS,

          Plaintiff-Appellant,

    v.

CHRISTINA HARPER, trustee of LSF9
Master Participation Trust; trustee of US
Bank Trust NA; BANK OF AMERICA, by
Caliber Home Loans Incorporated, standing
in the shoes of; MORTGAGE LAW FIRM,
Named as The Mortgage Law Firm; U.S.
BANK TRUST, N.A.; LSF9 MASTER
PARTICIPATION TRUST; CALIBER
HOME LOANS, INC.; BANK OF
AMERICA, NA; FIRST AMERICAN
FINANCIAL CORP., DBA First American
Title Insurance Company; FIRST
AMERICAN TITLE INSURANCE
COMPANY; UNKNOWN PARTIES,
Named as Undisclosed (I-XX),

          Defendants-Appellees.

No.   19-17537

D.C. No. 2:19-cv-03174-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted October 13, 2021[**]
San Francisco, California

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Bob Hanks appeals the district court's dismissal of his claims relating to a foreclosure proceeding and its denial of his motion for findings of fact and conclusions of law.[1] As the facts are known to the parties, we repeat them only as necessary to explain our decision.

## I

First, Hanks contends that the district court erred in "failing or refusing to rule on" his motion for findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a). Such contention is factually mistaken. The district court *did* rule on Hanks's motion when it denied such motion. It was proper for the district court to deny Hanks's motion as premature, given that Rule 52(a) expressly states that a district court "is not required to state findings or conclusions when ruling on a motion under Rule 12." Fed. R. Civ. P. 52(a)(3).

## II

Second, the district court properly dismissed Hanks's fraudulent concealment claim. Such court aptly noted that Hanks's complaint did "not allege

---

[1] In his Reply Brief, Hanks also asks this court to review determinations related to Arizona law made in previous state-court proceedings, including the Arizona Supreme Court's denial of further review of his claims. We do not have appellate jurisdiction over state courts' decisions. *See, e.g.*, *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970).

with particularity the existence of any actionable concealment by any defendant that plausibly could have caused [him] injury," as would be necessary to survive a motion to dismiss under Fed. R. Civ. P. 9(b). Even liberally construed, Hanks's complaint fell short of the "minimum threshold" of "providing . . . defendant[s] with notice of what it is [they] allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## III

Finally, Hanks's slander of title, quiet title, unjust enrichment, and declaratory judgment claims constitute "objections" to the trustee's sale within the meaning of Ariz. Rev. Stat. § 33-811(C) insofar as they are claims which "cannot succeed unless the sale was defective." *Zubia v. Shapiro*, 408 P.3d 1248, 1251 (Ariz. 2018). Under Ariz. Rev. Stat. § 33-811(C), a party who does not successfully enjoin a trustee's sale waives any objection to the validity of such sale. *See BT Cap., LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz. 2012). Thus, because Hanks did not successfully enjoin the trustee's sale, it was proper for the district court to dismiss his slander of title, quiet title, unjust enrichment, and declaratory judgment claims as waived by operation of Ariz. Rev. Stat. § 33-811(C).

**AFFIRMED.**