NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

9540, LLC, *Complainant/Appellee,*

*v.*

CAROL JEAN EDMONDS, trustee of the
CJE Living Trust Dated October 1, 2007, *Defendant/Appellant.*

No. 1 CA-CV 21-0157
FILED 12-30-2021

Appeal from the Superior Court in Mohave County
No. L8015CV201607192
The Honorable Charles W. Gurtler Jr., Judge, *Retired*

**AFFIRMED**

COUNSEL

Musgrove Drutz Kack & Flack PC, Prescott
By Mark W. Drutz, Jeffrey Gautreaux
*Counsel for Complainant/Appellee*

Jaburg & Wilk PC, Phoenix
By David L. Allen, Kathi M. Sandweiss
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

¶1        Carol Jean Edmonds appeals the superior court's grant of summary judgment regarding her quiet title action against 9540, LLC. ("9540"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Nace Land & Cattle Company, Inc. ("Nace") owned multiple parcels of land in Mohave County subject to a deed of trust in favor of ALC Financial Corporation, a Minnesota Corporation ("ALC"). In 2008, Edmonds purchased one of Nace's parcels (the "Property") for $435,000 and received title by warranty deed. During escrow, Chicago Title Insurance Company forwarded Edmonds' payoff funds to ALC, but ALC did not release the lien attached to the Property.

¶3        The deed of trust was ultimately assigned to LSREF2 Cobalt (AZ) ("Cobalt AZ"), and a notice of trustee's sale was recorded in September 2014. The trustee's sale was conducted in December 2014, and Cobalt AZ appeared at this sale to make a credit bid. Accepting the credit bid, the trustee shortly thereafter issued a trustee's deed conveying title to the Property to Cobalt AZ. After discovering she no longer owned the Property, Edmonds filed a lawsuit in 2016. Edmonds did not record a notice of lis pendens regarding the Property, and in January 2018, Cobalt AZ sold the Property to 9540. In March 2018, Edmonds was granted leave to amend her complaint. The amended complaint alleged claims against Cobalt AZ and LSREF2 Cobalt (IL) ("Cobalt IL") for failure to release a lien, negligence, wrongful foreclosure, declaratory judgment, quiet title, and filing a false lien. This amended complaint did not initially name 9540 as a defendant.

¶4        The superior court dismissed each of the claims except for the quiet title claim. The court gave Edmonds the opportunity to amend the complaint to include an allegation that she did not receive notice of the trustee's sale. When Edmonds did not amend, the court dismissed her quiet title claim.

¶5        Edmonds appealed the court's dismissal of her claims for declaratory judgment and quiet title. She argued that at the time of sale, Cobalt IL was the named beneficiary of the deed of trust and that Cobalt AZ submitted an invalid credit bid. *Edmonds v. LSREF2 Cobalt (IL), LLC*, 1 CA-CV 18-0772, 2019 WL 5701802, at *2, ¶ 8 (Ariz. App. Nov. 5, 2019) (mem. decision).

¶6        In that first appeal, we held Edmonds' claim for declaratory judgment to find the sale void was simply an alternative method of pursuing a wrongful foreclosure claim, which the superior court properly recognized is not a cognizable claim under Arizona law. *Id.* at ¶ 9 (citing *Zubia v. Shapiro*, 243 Ariz. 412, 417, ¶ 29 (2018)).

¶7        We also upheld dismissal of Edmonds' claim for quiet title because Cobalt AZ no longer claimed "any right or interest in the Property," having already sold the Property to 9540, and therefore, Edmonds could not prevail on a quiet title claim "by asserting that a trustee's sale error occurred without naming the party who currently owns the Property." *Id.* at ¶¶ 10–12. However, we did not address "whether the trustee's sale could be deemed invalid based on the credit bid discrepancy." *Id.* at ¶ 12.

¶8        Meanwhile, 9540 intervened in the action before the superior court, filing a third-party complaint against Edmonds, who filed an answer and counterclaim against 9540 in turn, with both parties seeking to quiet title as to the Property. Following our decision in the first appeal, the superior court granted summary judgment in favor of 9540. The court found Edmonds' claims for wrongful foreclosure and declaratory judgment based on the credit bid discrepancy had been litigated and Edmonds had no interest in the Property. Although we had not addressed the quiet title count directly, the superior court found that the "very same factual and legal argument" of the credit bit discrepancy "was litigated at both the trial court level and on appeal" and was therefore precluded. Following resolution of a dispute concerning attorneys' fees, the court entered final judgment in 9540's favor. Edmonds timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶9        We review the superior court's grant of summary judgment de novo, and we view the evidence in the light most favorable to the non-moving party. *Lee v. M & H Enters., Inc.*, 237 Ariz. 172, 175, ¶ 10 (App. 2015).

"We will affirm summary judgment if it is correct for any reason supported by the record, even if not explicitly considered by the superior court." *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014). We review issues of statutory interpretation de novo with the goal to effectuate legislative intent. *Ariz. Chapter of the Associated Gen. Contractors of Am. v. City of Phx.*, 247 Ariz. 45, 47, ¶ 7 (2019) (citations omitted).

**¶10** In the instant matter—her second appeal concerning the Property—Edmonds again argues that, because it occurred at the time of sale, the credit bid discrepancy is not subject to the pre-sale injunction requirement of A.R.S. § 33-811(C). In support of this argument, Edmonds relies on *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 11 (2012). She notes that "a person subject to § 33-811(C) cannot later challenge the sale based on *pre-sale* defenses or objections." *Id.* (emphasis added). Seizing upon the *BT Capital* Court's use of this descriptor, Edmonds argues that even if a person who has not complied with the requirements of A.R.S. § 33-811(C) is deemed to have waived any defenses or objections to *pre-sale* matters, such a person would not be barred from asserting defenses or objections to *post-sale* defects. However, this argument is unavailing.

**¶11** Edmonds' case did not involve post-sale conduct, nor did it interpret or apply the wavier provisions of A.R.S. § 33-811(C) to deficient post-sale conduct. *Id.* at 299–300, ¶¶ 1–8. Thus, *BT Capital* does not stand for the proposition for which Edmonds employs it. To the contrary, a fair reading of the case clarifies that "a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *Id.* at 301, ¶ 10 (citation omitted). Therefore, *all* defenses and objections to properly noticed trustee's sales must be challenged pursuant to § 33-811(C). *See id.* Taken in context, the *BT Capital* Court's reference to "pre-sale" matters is merely descriptive of the facts under review in that case and not intended to be exclusive or otherwise limiting to the application of § 33-811(C). *Id.* at ¶ 11. This interpretation is consistent with the wording of A.R.S. § 33-811(C) itself, which contains no restrictive language that limits its provisions concerning waiver by a covered party to only pre-sale defenses or objections.

**¶12** This reading of *BT Capital* also aligns with the *Zubia* decision. In that case, our supreme court reasoned the language of A.R.S. § 33-811(C) "requires enjoining the sale as a prerequisite to *any* claim arising out of the sale." *Zubia*, 243 Ariz. at 415, 418, ¶¶ 16, 31 (observing, further, that to survive preclusion due to waiver pursuant to A.R.S. § 33-811(C), a claim must "not depend on whether a trustee's sale occurred") (citation omitted) (emphasis added).

¶13        Edmonds argues that because the facts supporting her objections—allegedly arising the day of the sale and thereafter—could not be known in time for her to file for an injunction, the waiver provisions of A.R.S. § 33-811(C) must not apply to post-sale defects. This argument is likewise unavailing.

¶14        "The deed of trust scheme is a creature of statutes." *BT Capital*, 229 Ariz. at 300, ¶ 9 (citing *In re Vasquez,* 228 Ariz. 357, 359, ¶ 4 (2011)). "Although . . . statutes pertaining to deeds of trust must be strictly construed in favor of the borrower, we must give effect to § 33-811(C)'s express language, which requires enjoining the sale as a prerequisite to *any* claim arising out of the sale." *Zubia*, 243 Ariz. at 415, ¶ 16 (internal citations omitted) (emphasis added). Further, "[w]hen a statute is clear and unambiguous, we apply its plain language and need not engage in any other means of statutory interpretation." *Kent K. v. Bobby M.*, 210 Ariz. 279, 283, ¶ 14 (2005) (citation omitted).

¶15        It is true that Edmonds could not have known about any objection or defense arising from alleged discrepancies occurring on the day of the sale itself or after its completion, therefore making it impossible to timely comply with the prerequisites to avoid waiver under A.R.S. § 33-811(C). However, as already noted above, the express language of. § 33-811(C) makes no exceptions to the requirements for its waiver provision regarding post-sale objections or defenses to the conduct of the trustee's sales. The language of A.R.S. § 33-811(C) is not ambiguous in this regard. Thus, we interpret the statute as the legislature's intent to disallow technical or procedural post-sale objections or defenses related to trustee's sales, such as those presented by Edmonds in this case, where proper notice was given, and which do not implicate fraud or similar equitable claims. Such an interpretation furthers the goals of finality and certainty of title following transfers from completion of trustee's sales. Though Edmonds argues for a different construction—one that preserves a path to reclaim title to the Property at this late date—it is not our place, or within our power, to inject a provision, exemption, or right into a statute that is not provided for by its language. *Cf. In re Martin M.*, 223 Ariz. 244, 247, ¶ 9 (App. 2009) ("[I]t is not within either the trial court's or this court's authority to amend a statute to correct what appears to have been legislative oversight.").

¶16        By not timely seeking injunctive relief as required by A.R.S. § 33-811(C), Edmonds waived all objections and defenses to the validity of the sale itself. *See Zubia*, 243 Ariz. at 414, ¶ 14. As such, any claims that depend upon the conduct of the sale are barred, including her quiet title

claim arising from objections to alleged post-sale defects with the credit bid for the Property. *See id.* at 418, ¶ 31.

**¶17** The absence of any proper claim to title to the Property further raises concerns about Edmonds' standing here. Arizona courts impose a rigorous standing requirement. *Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, 140, ¶ 6 (2005). "In general, a party establishes standing by showing a personal, palpable injury." *Home Builders Ass'n of Cent. Ariz. v. Kard*, 219 Ariz. 374, 377, ¶ 10 (App. 2008) (citing *Bennett v. Napolitano*, 206 Ariz. 520, 524, ¶ 16 (2003)). Where one cannot point to an injury personal to oneself caused by conduct of another, one generally lacks standing to insert themselves in a claim that cannot provide them redress, and is therefore not their own.

**¶18** Finally, Edmonds argues that a trustee's sale may be void "if there are grounds for equitable relief based on serious sale defects, including deliberate notice failure, fraud, misrepresentation, or concealment." *In re Hills*, 299 B.R. 581, 586 (Bankr. D. Ariz. 2002). This may be true in a general sense, in that the court's equitable powers may form a proper basis for challenging a trustee's sale as void in the face of an applicable equitable claim. Indeed, our supreme court has recognized limited equitable oversight in deed of trust sales. *See In re Krohn*, 203 Ariz. 205, 210, 212–14, ¶¶ 18, 29–32, 38 (2002) (setting aside a deed of trust sale on the basis that the bid price was grossly inadequate). Be that as it may, the validity of such claims is not properly before us in this case because Edmonds did not advance any such equitable claims in this case. Nor did she present any evidence on this record that would sustain them. And, we cannot say that voiding the trustee's sale would serve public policy, a component of qualifying for equitable relief. *See id.* at 214, ¶ 36.

**¶19** Further, the record in this case does not establish that Edmonds suffered any inequity as a result of technical errors as to the party making the credit bid or as to any other alleged defects with the procedures of the trustee's sale, regardless of the timing of their occurrence. Rather, any unfairness concerning Edmonds' situation resulted from the failure to release the lien on the Property after her purchase in 2008. Thus, permitting Edmonds to proceed in litigating the credit bid issue does not serve the interests of equity, but would instead only create "an end-run around the § 33-811(C) waiver provision." *See Zubia*, 243 Ariz. at 415, ¶ 18.

**¶20** Just as Edmonds could not bring a claim for declaratory judgment as an alternative method to pursue wrongful foreclosure, *see Edmonds*, 1 CA-CV 18-0772, at *2, ¶ 9, Edmonds likewise may not litigate

the credit bid discrepancy to restore defenses and objections that have been waived by failure to comply with the limitations imposed by A.R.S. § 33-811(C). The opportunity to raise those objections and defenses is long past. Thus, the superior court's grant of summary judgment was appropriate.

**CONCLUSION**

¶21        For the foregoing reasons, we affirm.

